UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT JOSEPH JAMISON,

        Plaintiff,

v.

    CASE NO. 14-13659
    HONORABLE GERALD E. ROSEN

LENAWEE COUNTY PROSECUTOR'S
OFFICE and R. BURKE CASTLEBERRY,

        Defendants.
_____/

### OPINION AND ORDER DENYING DEFENDANTS' MOTION TO CONSOLIDATE(Dkt. #6) AND GRANTING DEFENDANTS' MOTION TO DISMISS (DKt. #7)

### I. Introduction

This matter is pending before the Court on plaintiff Robert Joseph Jamison's *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is a state prisoner at Central Michigan Correctional Facility in St. Louis, Michigan. Defendants are the Prosecutor's Office for Lenawee County, Michigan and R. Burke Castleberry, the chief prosecutor for Lenawee County.

Plaintiff was convicted in 2013 of two counts of lying to a peace officer in Lenawee County. *See* Mich. Comp. Laws § 750.479c. He was sentenced to imprisonment for one year, eleven months to four years for one count and one year, four months to two years for the other count. In his complaint, Plaintiff alleges that the defendants have violated state and federal law by noting the results of his polygraph test in his state pre-sentence report without his consent.[1] He wants the Court to seize the defendants' property and to freeze their financial assets,

---

[1] According to the report, a law enforcement officer informed Plaintiff during an interview that he failed the polygraph test.

including their bank accounts, stocks, bonds, and money market accounts. Defendants, through counsel, have moved to consolidate this case with another case in this District and to dismiss this case on grounds that: (1) defendant Castleberry is absolutely immune from liability for his role in the prosecution of Plaintiff; (2) Plaintiff is not entitled to relief on the basis of a mere violation of Michigan law; and (3) there is no right to bring an independent cause of action challenging the content of a pre-sentence report. Plaintiff urges the Court to deny the defendants' motions.

## II. The Motion to Consolidate

Defendants seek to consolidate this case with *Jamison v. Anzalone, et al.,* No. 14-13847 (E.D. Mich. 2014), which Plaintiff filed after he commenced this action. "Consolidation is governed by Federal Rule of Civil Procedure 42(a)," *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010 (6th Cir. 1993), and Rule 42(a) authorizes courts to consolidate civil actions if the actions "involve a common question of law or fact." Fed. R. Civ. 42(a)(2). "Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court . . . ." *Cantrell*, 999 F.2d at 1011.

Defendants maintain that this case and case number 14-13847 involve common questions of law and fact and the same defendants with the addition of several more defendants in case number 14-13847. Although the two cases do involve common questions of law and fact, Plaintiff's complaint in this case fails to state a plausible claim for relief, and case number 14-13847 was assigned to another judge in this District, who recently dismissed that case. Accordingly, Defendants' motion to consolidate (Dkt. #6) is **DENIED**.

## III. The Motion to Dismiss

**A. Legal Standard**

Defendants bring their motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which permits federal courts to dismiss a pleading for "failure to state a claim upon which relief can be granted."

> To survive a Rule 12(b)(6) motion, a complaint must comply with the pleading requirements of Rule 8(a), which, among other things, requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 667–68, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

*Thompson v. Bank of America, N.A.*, __ F.3d __, __, No. 14-5561, 2014 WL 6844931, at *4 (6th Cir. Dec. 5, 2014). The Supreme Court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## B. Analysis

### 1. The Prosecutor's Office

The defendants in this case are a county prosecutor and the prosecutor's office. A county prosecutor's office is not an entity or person subject to being sued under § 1983. *Briggs v. Moore*, 251 F. App'x 77, 79 (3d Cir. 2007); *Hancock v. Washtenaw County Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). And even if the Court construed Plaintiff's claims as one against Lenawee County, a local governing body is liable only if (1) the plaintiff's harm was caused by a constitutional violation and (2) if so, the entity is responsible for that violation. *Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).

Plaintiff claims that the defendants have violated Mich. Comp. Laws § 771.14 and Federal Rule of Evidence 403. Section 771.14 governs the content and use of pre-sentence reports in criminal cases. Whether the defendants actually violated § 771.14 is a state law issue, and § 1983 "does not cover official conduct that allegedly violates *state* law." *Huron Valley Hosp., Inc. v. Pontiac*, 887 F.2d 710, 714 (6th Cir. 1989) (emphasis in original). Petitioner's reliance on Federal Rule of Evidence 403 also is misplaced, because the Federal Rules of Evidence have no application to his state criminal case.

In addition to his claims under Mich. Comp. Laws § 771. 14 and Federal Rule of Evidence 403, Plaintiff alleges a violation of his rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. He contends that the results of his polygraph test are now public information and that they will be used by the Michigan Parole Board to deny him release on parole.

Plaintiff has not demonstrated how the disputed information violates his rights under the Fourth, Fifth, Sixth, and Eighth Amendments. To the extent he is alleging that the defendants violated his right to due process under the Fourteenth Amendment, he has failed to state a plausible claim for relief, because "the mere presence of hearsay or inaccurate information in a [pre-sentence report] does not constitute a denial of due process." *Hili v. Sciarrotta*, 140 F.3d 210, 216 (2nd Cir. 1998).

In his answer to the defendants' motion to dismiss, Plaintiff alleges that the defendants also violated his First Amendment right to freedom of speech. He has not explained how his freedom of speech is implicated by the inclusion of certain information in his pre-sentence report, and it is unclear whether a First Amendment right to privacy exists in a pre-sentence

report. *Wheeler v. Gilmore*, 998 F. Supp. 666, 670 (E.D. Va. 1998); *see also Taliaferro v. DiFrancesco*, 871 F. Supp. 330, 330-31 (E.D. Wis. 1994) (concluding that no federal constitutional right to privacy was violated when a clinical services supervisor read portions of a state prisoner's pre-sentence report during a group treatment session); *but see Soucie v. County of Monroe*, 736 F. Supp. 33, 35-37 (W.D. N.Y. 1990) (concluding that the constitutional right to privacy protected an inmate from disclosure of youthful-offender information contained in his pre-sentence report). Furthermore, although Plaintiff claims that information about his polygraph test will affect his chances for parole, his remedy is with the state court. *See, e.g., People v. Tew*, 151 Mich. App. 556, 559; 390 N.W.2d 738, 739 (1986) (stating that, "[w]here the accuracy of information in a presentence report is challenged, the trial court may make a determination as to the accuracy of the information, or, as a matter of expediency, disregard the challenged information in sentencing the defendant"); *see also People v. Cato*, No. 246619, 2004 WL 1224210, at *8 (Mich. Ct. App. June 3, 2004) (unpublished decision remanding a case to the trial court for correction of the presentence information report because of the likelihood that erroneous information in the report would affect the defendant's parole eligibility).

To conclude, Plaintiff has failed to show that the alleged harm amounted to a constitutional violation and that Lenawee County is responsible for the violation. Accordingly, the Lenawee County Prosecutor's Office is dismissed from this action.

### 2. The Prosecutor

Plaintiff seeks to hold Lenawee County prosecutor R. Burke Castleberry liable, but

> [s]tate prosecutors are absolutely immune from civil liability when acting within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 420, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Ireland v. Tunis*, 113 F.3d 1435, 1443 (6th Cir.), *cert. denied*, 522 U.S. 996, 118 S.Ct. 560, 139 L.Ed.2d 401 (1997).

> The Supreme Court employs a "functional approach" to determine when a prosecutor is acting within the scope of his duties as a prosecutor and when he is merely giving legal advice or investigating. *Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). "[T]he critical inquiry is how closely related is the prosecutor's challenged activity to his role as an advocate intimately associated with the judicial phase of the criminal process." *Ireland*, 113 F.3d at 1443 (internal quotation marks omitted). The party seeking the benefit of a claim of absolute immunity has the burden of establishing it. *Burns*, 500 U.S. at 486, 111 S.Ct. 1934.

*Howell v. Sanders*, 668 F.3d 344, 349-50 (6th Cir. 2012). "[W]hen a prosecutor or probation officer provides information relevant to sentencing or recommends a sentence, they are clearly performing prosecutorial or quasi-judicial acts." *Johnson v. Kegans*, 870 F.2d 992, 997 (5th Cir. 1989). Thus, Plaintiff's challenge to defendant Castleberry's conduct in a sentence proceeding is protected by absolute prosecutorial immunity. *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995) (citing *Taylor v. Kavanagh*, 640 F.2d 450, 451-52 (2d Cir. 1981)).

### IV. Conclusion

For the reasons given above, Plaintiff has failed to state a plausible claim for relief. Accordingly,

IT IS ORDERED that defendants' motion to dismiss (Dkt. #7) is **GRANTED**.

IT IS FURTHER ORDERED that defendants' motion to consolidate this case with case number 14-13847 is **DENIED**.

IT IS FURTHER ORDERED that this case is closed and that an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

                        s/Gerald E. Rosen
                        Chief Judge, United States District Court

Dated: December 15, 2014

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 15, 2014, by electronic and/or ordinary mail.

                         s/Julie Owens
                         Case Manager, (313) 234-5135